PER CURIAM
This proceeding arises out of an application for readmission to the practice of law filed by petitioner, Arthur Gilmore, Jr., a disbarred attorney.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 2013, petitioner was convicted of a federal racketeering charge. The conviction stemmed from petitioner's acceptance of bribes in exchange for taking favorable actions on behalf of individuals and organizations having business before the Monroe City Council, of which he was an elected member.
Following petitioner's conviction, we placed him on interim suspension. In re: Gilmore , 13-1284 (La. 6/19/13), 117 So.3d 500.[1] On September 26, 2013, petitioner was sentenced to serve twenty-four months in federal prison. This sentence was below the sentencing guidelines range, and the judge gave the following reasons for the downward departure:
In this case, the Government's main witness engaged in an ongoing program of planned enticement to provoke [petitioner] into agreeing to bribes in exchange for perceived favors from [petitioner's] position with the Monroe City Council. Because of that, the Guidelines, in my opinion, may overstate the relative seriousness of [petitioner's] actions and the application of an equitable sentence.
*887 So I find there exists a mitigating circumstance of a kind not adequately taken into consideration by the Guidelines and that in order to advance the objective set forth under the Guidelines, the sentence will be different from that described.
On November 13, 2014, the United States Court of Appeals for the Fifth Circuit affirmed petitioner's racketeering conviction. United States v. Gilmore , 590 Fed.Appx. 390 (5th Cir. 2014) (not designated for publication).
In July 2015, the Office of Disciplinary Counsel ("ODC") filed formal charges against petitioner based on his conviction of a crime. After considering the formal charges, we disbarred petitioner, retroactive to June 9, 2013, the date of his most recent interim suspension; additionally, we gave petitioner credit for the time he served on interim suspension during the period of June 19, 2011 to September 21, 2011 and during the period of May 2, 2012 to April 3, 2013. In re: Gilmore , 16-0967 (La. 10/19/16), 218 So.3d 100.
On January 2, 2018, petitioner filed the instant application for readmission to the practice of law in Louisiana, asserting that he has complied with the readmission criteria set forth in Supreme Court Rule XIX, § 24(E). On April 12, 2018, the ODC filed its objection to petitioner's application for readmission. The matter was then referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be readmitted to the practice of law, subject to certain conditions. Both petitioner and the ODC objected to the committee's recommendation. Therefore, pursuant to Supreme Court Rule XIX, § 24(H)(2), the matter was reviewed by the disciplinary board. After review, the board recommended petitioner be readmitted to the practice of law, subject to a three-year period of probation with certain conditions. Three board members dissented, recommending readmission be denied. The ODC objected to the board's recommendation.
DISCUSSION
After considering the record in its entirety, we find petitioner has met his burden of proving that he is entitled to be readmitted to the practice of law on a conditional basis. Accordingly, we will order that petitioner be readmitted to the practice of law, subject to a three-year period of supervised probation with the following conditions:
1. Petitioner shall continue to make payments in compliance with the August 2017 promissory note in favor of the disciplinary board;
2. Within thirty days of the effective date of readmission, petitioner shall present to the ODC a plan to pay the two consent judgments in favor of Bank of America and proof of Bank of America's approval of said plan. Until the judgments are paid, petitioner shall submit to the ODC biannual reports regarding the status of his compliance with the payment plan with an explanation of any late or missed payments that occurred during the preceding six months;
3. During the three-year probationary period, petitioner shall make a good faith effort to satisfy any other financial obligations not specifically addressed herein, shall provide to the ODC his annual credit report from one of the three recognized credit reporting agencies, and shall submit to the ODC biannual reports providing the following information as to each debt listed on his most recent credit report: (a) a description *888 of the nature and status of each debt; (b) the number and amount of payments that were due on the debt during the preceding six months; (c) the number and amount of payments made on the debt during the preceding six months; and (d) an explanation of any late or missed payments that occurred during the preceding six months;
4. During the three-year probationary period, petitioner shall provide to the ODC on a biannual basis copies of his monthly trust account statements for the preceding six months to ensure his compliance with the trust accounting requirements of the Rules of Professional Conduct; and
5. Within one year of the effective date of readmission, petitioner shall complete the Louisiana State Bar Association's Ethics School in addition to the mandatory continuing legal education hours required to be completed by all lawyers.
DECREE
Upon review of the recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that Arthur Gilmore, Jr., Louisiana Bar Roll number 1059, be immediately readmitted to the practice of law in Louisiana, subject to a three-year period of supervised probation with the conditions set forth above. The probationary period shall commence from the date petitioner, the ODC, and the probation monitor execute a formal probation plan. Should petitioner fail to comply with these conditions of readmission, his conditional right to practice may be terminated immediately, or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.
Crichton, J., dissents and assigns reasons.
Genovese, J., would reject conditional readmission.
Crichton, J., dissents and assigns reasons.
Similar to the three dissenting members of the Disciplinary Board, I dissent from the grant of conditional readmission to the practice of law. As set forth in the per curiam, the petitioner, as an official elected government official, committed a serious felony crime involving racketeering and extracting bribes. In my view, he has not proven in his application for readmission that he has the requisite honesty and integrity to practice law, and I would deny readmission.

This was petitioner's third time being placed on interim suspension relative to this misconduct. The court placed petitioner on interim suspension for the first time in In re: Gilmore , 11-1401 (La. 7/19/11), 65 So.3d 1289, but dissolved that interim suspension on September 21, 2011. In re: Gilmore , 11-1401 (La. 9/21/11), 72 So.3d 342. The court placed petitioner on interim for a second time in In re: Gilmore , 12-0852 (La. 5/2/12), 88 So.3d 441, but dissolved that interim suspension on April 3, 2013. In re: Gilmore , 12-0852 (La. 4/3/13), 110 So.3d 130.